IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ECLIPSE MANUFACTURING CO., an )
Illinois corporation, individually )
and as the representative of a class )
of similarly-situated persons, )
 )
       Plaintiff, ) No. 06 C 1156
 )
   v. )
 )
M and M RENTAL CENTER, INC., )
 )
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Before me is a motion brought by defendant M and M Rental Center, Inc. ("M and M") pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Eclipse Manufacturing Company's ("Eclipse") complaint. Plaintiff alleges that on June 23, 2005, M and M transmitted an unsolicited advertisement to Eclipse's telephone facsimile machine ("fax machine"). Defendant purportedly sent similar unsolicited advertisements to at least 39 other recipients. Eclipse's complaint alleges that these advertisements violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C.A. § 227 (2006) (Count I). Eclipse has also brought a common law conversion claim (Count II) and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/2 (Count III). Eclipse has since voluntarily dismissed Count III of its complaint and M and M's motion does not address Count II. Therefore, the only issue before me is whether Eclipse

has stated a claim under the TCPA. For the following reasons, I find that it has.

I.

In assessing defendant's motion to dismiss, I must accept all well-pleaded facts in Eclipse's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if the plaintiff can prove no set of facts to support his claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

My review is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party has made in their filings related to the motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). In its reply in support of its motion to dismiss, M and M has attached an exhibit purporting to be a copy of a webpage maintained by Eclipse on which Eclipse provides its facsimile number and invites viewers of the webpage to contact it. When a judge considers documents outside of the complaint, she normally must convert the defendant's 12(b)(6) motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The Seventh

Circuit has previously indicated that when such documents are attached to pleadings the district court may choose not to consider them, and I will not do so now. *See Berthold Types, Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001).[1]

II.

M and M presents two arguments why Eclipse cannot establish a claim under 47 U.S.C.A. § 227. First, M and M contends that Eclipse erroneously relies on an older version of § 227 in effect prior to amendment by the Junk Fax Prevention Act of 2005, Pub L. 109-21, 119 Stat. 359 (2005) ("JFPA"). That version went into effect on July 9, 2005. *See* 47 U.S.C.A. § 227. M and M argues that this version of the statute should be applied retroactively to the advertisement it allegedly sent just a few days before the JFPA went into effect. Second, M and M contends that § 227 as amended by the JFPA permits unsolicited advertising to companies who have made their fax numbers publicly available. I need not address the second argument because the JFPA is not retroactive.

The version of 47 U.S.C.A. § 227(b)(1)(c) that was in effect on June 23, 2005, prohibited the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." The current

---

[1] As demonstrated below, whether Eclipse voluntarily placed its facsimile number on a webpage for public viewing is not relevant to the resolution of M and M's current motion.

3

version of § 227(b)(1)(c) that went into effect on July 9, 2005, prohibits unsolicited advertisements sent to a fax machine *unless*:

> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
>
> (ii) the sender obtained the number of the telephone facsimile machine through –
>
>> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>>
>> (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,
>
> [. . .]
>
> except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before such date of enactment; and
>
> (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D) . . .

47 U.S.C.A. § 227(b)(1).

M and M argues that statutes are presumptively retroactive, and that the text of the JFPA demonstrates that Congress intended it to be applied retroactively. M and M is incorrect on both counts. First, M and M contends that the Supreme Court's decision in *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 724 (1974) governs the retroactivity of the JFPA. M and M ignores the fact that the Supreme Court clarified the *Bradley* decision and the correct test

4

for retroactivity in its opinion in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). In that opinion the Supreme Court acknowledged that its decisions on the retroactive application of amendments to statutes had been seemingly contradictory, and presented the test for determining whether a statute should be applied retroactively:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*Id.* at 280.[2]

I can find no precedent addressing whether the JFPA applies retroactively, and the text of the JFPA does not specifically state whether the statute should be applied retroactively. The question

---

[2]The Court also clarified that "in many situations, a court should 'apply the law in effect at the time it renders its decision.'" *Id.* at 273 (quoting *Bradley*, 416 U.S. at 711). These situations include statutes authorizing or affecting the propriety of prospective relief, those conferring or ousting jurisdiction, and those changing procedural rules. *Id.* at 273-75. These examples are not applicable to the case before me, however.

5

under the *Landgraf* decision, then, is whether applying the JFPA to conduct that occurred before its enactment would give the JFPA retroactive effect. The Court in *Landgraf* cautions that "retroactivity" requires the new provision to attach "new legal consequences to events completed before its enactment" and not merely "upset[] expectations based in prior law." *Id.* at 269 (citing *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (Thomas, J., concurring)).

If applied retroactively, the JFPA would attach new legal consequences to events completed before its enactment. Prior to its enactment, § 227 prohibited unsolicited advertisements sent to facsimile machines. After its enactment, § 227 recognized limited exceptions to that prohibition. In one sense, the JFPA might not have retroactive effect since it partially lifts the restrictions that § 227 placed on unsolicited advertisements sent to fax machines. On the other hand, the JFPA changes the position of those receiving unsolicited advertisements. It eliminates their right of action for unsolicited advertisements that fall into the newly-created exceptions to § 227's general prohibition. For this reason, it would have a retroactive effect because it changes the expectations of the parties and attaches new legal consequences to a company's decision to make its fax number publicly available. In *Martin v. Hadix*, 527 U.S. 343, 359 (1999), the Supreme Court found that a statute reducing the rate of compensation for attorneys

6

representing plaintiffs in prisoner litigation had a retroactive effect because it "would upset the reasonable expectations of the parties" for the consequences of acts performed before the statute went into effect. *Id.* at 359 (citing *Landgraf*, 511 U.S. at 276-79; *Bradley*, 416 U.S. at 720-21).

Although the parties do not present arguments on this point, there is another way in which the statute would have retroactive effect. The TCPA provided that the Federal Communication Commission ("FCC") "shall prescribe regulations to implement the requirements of this subsection." 27 U.S.C.A. § 227(b)(2) (2005). In its original order interpreting the TCPA the FCC stated that, while unsolicited facsimile advertisements were prohibited under the statute and its regulations, "facsimile transmission from persons or entities who have an established business relationship with the recipient can be deemed to be invited or permitted by the recipient." Rules and Regulations Implementing the TCPA of 1991, CC Docket No. 92-90, Report and Order, 7 FCC Rcd 8752 at 8779, ¶ 54 n.87 (1992). The FCC then reversed its position on this exception, Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 68 Fed. Reg. 4,414,401 at ¶ 132 (July 25, 2003), but stayed implementation of its new regulations until January 9, 2006. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 37,705-01 (June 30,

2005). Those regulations were never implemented because of the passage of the JFPA.

Because Congress gave the FCC authority to promulgate regulations implementing the TCPA, a court might need to give *Chevron* deference to the FCC's interpretation of "unsolicited." *Chevron U.S.A., Inc. v. Natural Res. Def. Council,* Inc., 467 U.S. 837, 842-44 (1984). See *also Krzalic v. Republic Title Co.,* 314 F.3d 875, 878 (7th Cir. 2002) (recognizing that *Chevron* deference applies to statutes which provide private rights of action but give the administrative agency the authority to interpret a statute). At the time M and M sent its unsolicited advertisement to Eclipse, it would have been lawful for it to send that advertisement if it had an established business relationship with Eclipse. The JFPA adds additional requirements under § 227 even for those wishing to send fax advertisements to recipients with whom they have an established business relationship. In this way the JFPA, if applied retroactively, would also have a clear retroactive effect because it would create "new legal consequences" for senders of fax advertisements. See *Landgraf,* 511 U.S. at 269.

Given that the JFPA, if applied, would operate retroactively, I must consider whether Congress clearly intended for it to apply retroactively. *Id.* at 280. M and M argues that Congress intended the Act to apply retroactively because it wanted to use the JFPA to replace the "established business relationship" exception that the

8

FCC planned to remove from its regulations. However, because the FCC stayed its decision to end its "established business relationship" exception, that exception would have been in force prior to the enactment of the JFPA and there would be no need to apply the JFPA retroactively to encompass that exception. In addition, the JFPA as enacted provides more restrictions on unsolicited advertising than the TCPA and the accompanying FCC regulations did. Those new provisions are not discussed by Congress in the legislative history that M and M has presented or that this court has located.[3] There is no evidence that Congress intended these new provisions to apply retroactively. Considering the presumption against retroactivity, there is no justification here for me to give the JFPA retroactive effect.

III.

Because the version of § 227 prior to amendment by the JFPA governs this case, there is no basis for M and M's motion to dismiss. Eclipse has alleged that M and M sent an unsolicited advertisement to its fax machine. It has not alleged or admitted that it had an established business relationship with M and M (and

---

[3]The Report of the Committee on Commerce, Science and Transportation attaches a version of 47 U.S.C. § 227 as the Committee contemplated it would appear after passage of S. 714. Report of the Committee on Commerce, Science and Transportation on S. 714, S. Rep. 109-76, at 14 (2005), *available at* 2005 WL 3751936. This version of § 227 only includes subsections (i) and (iii) of the current § 227, with no mention of subsection (ii) which was a part of the final JFPA as enacted by Congress.

M and M does not contend this is the case). Therefore, I must deny M and M's motion to dismiss.[4]

IV.

I find that the version of 47 U.S.C. § 227 as it existed at the time defendant allegedly sent its facsimile advertisement to plaintiff governs plaintiff's action. Defendant's motion to dismiss is denied.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: May 24, 2006

---

[4]Even if the current version of § 227 were held to apply in this case, M and M's motion to dismiss would still be denied. M and M contends that the "and" following § 227(b)(1)(C)(ii) does not render all three subsections of § 227 (b)(1)(C) to be requirements for an exception to § 227's general prohibition against internet advertising, but rather means that meeting either (i) and (iii) or (ii) and (iii) creates an exception to § 227. This is an absurd interpretation which does not follow the canon of statutory construction that no clause, phrase or sentence be rendered superfluous. *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations omitted). Under this interpretation, the requirements of subsections (i) and (iii) would be duplicated or subsumed in the requirements of (ii)(I) and (iii) (requiring the recipient to have communicated its fax number to the sender, with whom it had an established business relationship). There is no indication that Congress did not intend to require recipients of advertisements to voluntarily communicate their fax number to an advertiser (either directly or through publication of that number). Congress did express concern about the FCC's proposed regulation to require a written signature for authorization of such advertising. See Report of the Committee on Commerce, Science and Transportation on S. 714, S. Rep. 109-76, at 8 (2005), *available at* 2005 WL 3751936. A reading of the plain language of § 227 shows this is not required under the statute.