IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ECLIPSE MANUFACTURING CO.**, an )
Illinois corporation, )
individually and as the )
representative of a class of )
similarly-situated persons, )
)
              Plaintiff, )   No. 06 C 1156
)
v. )
)
**M and M RENTAL CENTER, INC.**, )
)
              Defendant. )

## MEMORANDUM OPINION AND ORDER

A plaintiff identified as Eclipse Manufacturing Co. ("Eclipse") has brought a class action complaint[1] against defendant M and M Rental Center ("M and M") alleging that M and M violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (2005) ("TCPA"). M and M has filed a motion under Federal Rule of Civil Procedure 37 to dismiss plaintiff's complaint or to strike plaintiff's answers to discovery and requests to admit, and deem those requests admitted. For the following reasons, I deny M and M's Rule 37 motion and give plaintiff leave to substitute or join the real party in interest to the litigation, which appears to be

---

[1] On July 5, 2006, I granted plaintiff's motion to file its first amended class action complaint. This complaint brought a sole claim for breach of the TCPA. Plaintiff's original complaint also brought a claim for conversion under Illinois state law and an Illinois statutory claim. Although M and M filed an answer to the original complaint, it has not filed an answer to the amended class action complaint.

Robert Hinman ("Hinman"), a former owner of Eclipse. However, because M and M's motion raises the issue of whether TCPA claims are assignable, and therefore whether I have jurisdiction over Hinman's claim, I further order the parties to provide additional briefing addressing whether Hinman has standing to assert his claim.

I.

Plaintiff's first amended class action complaint alleges that on June 23, 2005, M and M transmitted an unsolicited advertisement to Eclipse's telephone facsimile machine. Defendant purportedly sent similar unsolicited advertisements to at least 39 other recipients. Eclipse's complaint alleges that these advertisements violated 47 U.S.C. § 227.

M and M has brought its current motion to strike because during the course of discovery it learned that the party actually prosecuting this action is not Eclipse or its current stockholders, but instead Hinman, the former owner of Eclipse. Hinman was the sole owner and shareholder and President of Eclipse prior to November 30, 2005, when he entered into an agreement with Mark Wiener ("Wiener") and Dennis Crounse ("Crounse") to sell them all his shares of stock and his ownership interest in Eclipse (the "stock sale agreement"). Hinman has alleged that the facsimile M and M sent to Eclipse's facsimile machine on June 23, 2005 was addressed to him.

2

On November 14, 2005, while Hinman was still the owner and shareholder of Eclipse, Eclipse filed suit in Illinois state court against what it believed was M and M. M and M subsequently removed the case to federal court. Hinman then entered into the stock sale agreement with Wiener and Crounse transferring his interest in Eclipse to them. According to the stock sale agreement, the parties agreed that Hinman would "retain the right to proceed with all litigation concerning unsolicited faxes received through the date of closing in the name of Eclipse Manufacturing Co." and would be "entitled to retain the settlement proceeds of any suit so prosecuted."

After the stock sale agreement, Hinman continued to prosecute the suit against M and M in the name of Eclipse. At some point, Hinman realized that he had misidentified M and M in the complaint, so he dismissed the action and refiled it the next day naming M and M as the defendant, and still proceeding with Eclipse as the named plaintiff. Hinman, proceeding as Eclipse, issued Rule 26(a)(1) initial disclosures identifying himself as the "President of Eclipse during the relevant time period," and identified himself as the sole individual likely to have discoverable information that Eclipse would use to support its claims or defense.

M and M subsequently issued discovery requests to Eclipse. Those requests went to Hinman, apparently because at that time M and M did not know that Hinman was no longer employed by or

associated with Eclipse. Hinman responded to these discovery requests in Eclipse's name; the current owners of Eclipse were unaware of the discovery requests and had not seen them. In answering M and M's request to admit, interrogatories, and first supplemental interrogatories, Hinman included a verification in which he certified as "President of Eclipse Manufacturing Co." that he was "authorized to make this verification." In responding to M and M's first and second requests for the production of documents, Hinman included an affidavit of compliance that the materials he provided were "the only materials I possess or have control over of those requested."

On November 29, 2006, Hinman, still acting in Eclipse's name, issued amended verifications to plaintiff's response to M and M's request to admit and to plaintiff's answers to M and M's interrogatories and first supplemental interrogatories. Each of these amended verifications stated that Hinman was the "authorized representative of Eclipse Manufacturing Co. on the claims in this case" and that he was the "president of Eclipse Manufacturing Co. during the relevant time period" and was authorized to make the verification.

M and M took Hinman's deposition on October 27, 2006. When asked during his deposition whether he was employed, Hinman stated that he was retired and had previously worked for Eclipse. He also stated that he did not know if the current owners were aware of the

litigation. M and M subsequently deposed Wiener. Wiener testified that he believed that Hinman had the authority under the stock purchase agreement to file a complaint in Eclipse's name against M and M, and that Wiener had no objection to Hinman's complaint.

II.

M and M argues that I should strike plaintiff's complaint as a sanction under Rule 37 because Hinman misled the court and the defendant about the identity of the proper party in interest, and further filed "false" verifications in response to plaintiff's discovery. Federal Rule of Civil Procedure 17(a) requires that suits must be prosecuted "in the name of the real party in interest." The Seventh Circuit and numerous other courts have concluded that the assignee of a cause of action is the real party in interest under the meaning of Rule 17(a). See, e.g., Perry v. Globe Auto Recycling, Inc., 227 F.3d 950, 954 (7th Cir. 2000) (internal citations omitted); see also C. Wright, A. Miller & M. Kane, 6A FEDERAL PRACTICE AND PROCEDURE § 1545 (2d ed. 1990). It is true, therefore, that if Eclipse has assigned its cause of action to Hinman, and both sides appear to agree that it has, that Hinman is the real party in interest in this litigation.

It is not true, however, that simply because Hinman has not properly identified himself in his pleadings as the real party in interest that sanctions under Rule 37 are necessarily appropriate. Under Rule 37(c)(1), if a party "without substantial justification"

fails to disclose information or to amend a prior discovery response, and that failure is not harmless, then the district court may prevent a party from using any information not disclosed at trial. In addition, the court may also impose other appropriate sanctions. The issuance of sanctions under Rule 37 is in the discretion of the district court. Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 670-71 (7th Cir. 1996). Further, the Seventh Circuit has noted that Rule 37 sanctions for a failure to disclose are not appropriate if the party's non-disclosure was harmless. See Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000).

The evidence shows that Hinman is the real party in interest, not Eclipse, and that Hinman should be bringing this suit under his own name and not Eclipse's. The evidence further shows that Hinman incorrectly responded to discovery requests aimed at Eclipse by signing a verification that he had answered the requests as the president of Eclipse when, in fact, he was no longer the president. Hinman later corrected those verifications, but M and M still expended the time and effort in issuing discovery requests to Hinman that it intended to go to Eclipse. I see no evidence that Hinman intended to mislead the court or M and M about the true party in interest; Hinman ultimately corrected his verifications, he appears to have honestly answered questions during his deposition, and there is no evidence that the discovery responses

he provided were incorrect.[2] I therefore see no reason to dismiss Hinman's suit, or to strike his answers; they should be treated as his personal answers to defendant's discovery requests. Rule 17(a) also requires that a court allow a reasonable time to substitute the real party in interest before dismissing a case, so I will not dismiss the suit on that basis. Instead, I will allow plaintiff to amend the complaint to substitute or join Hinman as a plaintiff, since Hinman has not argued that he is not the real party in interest in this case.

### III.

In its reply to plaintiff's response to its motion to strike, M and M argues for the first time, citing precedent from other courts, that TCPA claims are not assignable. See U.S. Fax Law Ctr., Inc. v. iHire, Inc., 362 F. Supp. 2d 1248, 1251-53 (D. Colo. 2005); Martinez v. Green, 131 P.3d 492, 494-95 (Ariz. Ct. App. 2006). Whether TCPA claims are assignable is not relevant to M and M's Rule 37 motion, and regardless, as plaintiff notes, arguments raised for the first time in a reply are waived. United States v. Adamson, 441 F.3d 513, 521 n.2 (7th Cir. 2006). However, whether TCPA claims are assignable does raise a significant issue in this case, because if TCPA claims are not assignable, and if Eclipse

---

[2] It also appears that M and M's discovery requests concerned information and documents primarily relating to the period before November of 2005, so that Hinman's answers were made with personal knowledge.

assigned its TCPA claim to Hinman, then Hinman has no standing to bring his present claim. See Hay v. Indiana State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction sua sponte, they must.") (internal citation omitted). Therefore, before I rule on plaintiff's motion for class certification, it makes sense to resolve this issue.

## IV.

For the reasons stated above, M and M's motion to strike is denied, although I will allow M and M to submit evidence of its discovery costs as described above. I will allow plaintiff fourteen days to file an amended complaint naming the real party at interest in this case. I further allow the parties 28 days to file briefing concerning whether Hinman has standing to pursue his claim. Ruling on the plaintiff's pending motion for class certification will be stayed pending the resolution of this issue.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

DATED: February 7, 2007