IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ECLIPSE MANUFACTURING CO.**, an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>        Plaintiff,<br><br>  v.<br><br>**M and M RENTAL CENTER, INC.**,<br><br>        Defendant. | No. 06 C 1156 |

**MEMORANDUM OPINION AND ORDER**

Before me is a motion by Robert Hinman ("Hinman") and Italia Foods, Inc. ("Italia Foods") for leave to file a second amended class action complaint naming them as plaintiffs. Defendant M and M Rental Center, Inc. ("M and M") previously filed a Rule 37 motion to dismiss Eclipse Manufacturing Co.'s ("Eclipse") complaint or to strike plaintiff's answers to discovery. In its motion M and M contended that Hinman and not Eclipse was actually prosecuting the present claims under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (2005) ("TCPA"),[1] and that Hinman did not have standing to pursue these claims. In response to M and M's motion Hinman acknowledged that he was the real party in interest and asserted that he did have standing to prosecute these claims.

---

[1] As discussed in my ruling on defendant's motion to dismiss, I concluded that the version of 47 U.S.C. § 227 in effect at the time M and M sent the advertisement at issue to Eclipse governs this action. *See Eclipse Mfg. Co. v. M and M Rental Ctr, Inc.*, No. 06 C 1156, 2006 WL 1547993, at *4 (N.D. Ill. May 26, 2006).

Although I denied M and M's motion to strike, I ordered Hinman to file a motion to amend the complaint to name himself as the real party in interest, and I further ordered the parties to brief the issue of Hinman's standing. The parties have now done so. For the following reasons, I conclude that Hinman does have standing to pursue his claims, and so I grant the motion for leave to file a second amended class action complaint.

I.

A brief review of the allegations and circumstances of Hinman's involvement in this litigation is relevant to determine whether Hinman has standing. Plaintiff's first amended class action complaint alleged that on June 23, 2005, M and M transmitted an unsolicited advertisement to Eclipse's telephone facsimile machine. Plaintiff alleged that the advertisement was addressed to "Robert T. Hinman." Defendant purportedly sent similar unsolicited advertisements to at least 39 other recipients, each in violation of 47 U.S.C. § 227.

At the time that M and M purportedly sent these unsolicited advertisements, Hinman was the sole owner, shareholder and president of Eclipse. He also held these positions at the time Eclipse initially filed its TCPA claims against M and M in an Illinois state court; M and M subsequently removed that suit to this court. After M and M had removed the case, on November 30, 2005, Hinman entered into an agreement with Mark Wiener ("Wiener")

and Dennis Crounse ("Crounse") to sell them all his shares of stock and ownership interest in Eclipse. As part of this agreement, the parties agreed that Hinman would "retain the right to proceed with all litigation concerning unsolicited faxes received through the date of closing in the name of Eclipse Manufacturing Co." and would be "entitled to retain the settlement proceeds of any suit so prosecuted."

Based on this agreement Hinman continued to prosecute his suit in the name of Eclipse and to identify himself as the president of Eclipse, until his deposition in which he acknowledged the existence of his agreement with Wiener and Crounse. After Hinman's deposition, M and M filed a Rule 37 motion to dismiss the plaintiff's complaint or to strike plaintiff's answers to discovery. I denied M and M's motion, but I agreed that Eclipse was not the real party at interest in this litigation since it had assigned its claim to Hinman. *See Eclipse*, 2007 WL 487007, at *2-3. I therefore allowed plaintiff to file an amended complaint naming the real party in interest, and ordered the parties to brief the question of whether Hinman had standing to pursue the TCPA claim. *Id.* at *3. Hinman and Italia Foods responded by filing a motion for leave to file a second amended complaint naming themselves as plaintiffs. The proposed second amended complaint alleges that M and M sent unsolicited advertisements to Italia Foods as well as to Eclipse.

3

II.

Failure to establish standing is a jurisdictional defect. *See Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). Because standing is a jurisdictional requirement, a district court may dismiss a case *sua sponte* if it determines that a plaintiff lacks standing. *See Metallgesellschaft AG v. Sumitomo Corp. of Am.*, 325 F.3d 836, 842 (7th Cir. 2003) (internal citations omitted). Setting aside the fact that Hinman was not bringing this suit on his own behalf until the time that he sold his interest in Eclipse to Wiener and Crounse, his argument that it is sufficient that he had standing at the time Eclipse originally brought suit is irrelevant because a plaintiff's standing must be "continuous from the beginning of the suit to the end." *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (internal citations omitted). Hinman contends that he has standing both as the former president of Eclipse and as the individual to whom the advertisement at issue was addressed, and as the assignee of Eclipse's cause of action. I consider both arguments below.

III.

The version of the TCPA applicable to the claims in this action prohibits the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA does not indicate whether claims under the statute may be assigned.

4

Because an assignment is a type of contract, whether or not claims may be assigned is normally a question of state law. *See, e.g.*, *In re Century Inv. Fund VIII Ltd. P'ship*, 937 F.2d 371, 376 (7th Cir. 1991). Under Illinois law, an Illinois corporation has the power to "sell and convey, mortgage, pledge, lease as lessor, and otherwise dispose of all or any part of its property and assets." 805 ILL. COMP. STAT. ANN. 5/3.10(e) (2007). An Illinois corporation such as Eclipse therefore has the power to assign its claims subject to the common law principles governing assignment. *See Grunloh v. Effingham Equity, Inc.*, 174 Ill. App.3d 508, 518, 124 Ill. Dec. 140, 146, 528 N.E.2d 1031, 1046 (Ill. App. Ct. 1988).

In *Kleinwort Benson N. Am. v. Quantum Fin. Servs., Inc.*, 181 Ill.2d 214, 229 Ill. Dec. 496, 692 N.E.2d 269 (1998) the Illinois Supreme Court reviewed the Illinois jurisprudence on assignment. It noted that because the law of survivability and assignability developed together, "in determining assignability, this court has considered whether the action would survive the death of the owner." *Id.* at 219, 229 Ill. Dec. at 499, 692 N.E.2d at 272 (citations omitted). Under the Illinois survival statute, the relevant actions that survive include

> actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for

5

> fraud or deceit, and actions provided in Section 6-21 of "An Act relating to alcoholic liquors".

755 ILL. COMP. STAT. ANN. 5/27-6. However, the Illinois Supreme Court also stated in *Kleinwort* that "[a] more significant consideration in determining the assignability of causes of action in general has been whether such assignments violate public policy." 181 Ill.2d at 225, 229 Ill. Dec. at 501, 692 N.E.2d at 274. Based on this limitation, "[t]he only causes of action that are not assignable are torts for personal injuries and actions for other wrongs of a personal nature, such as those that involve the reputation or feelings of the injured party." *Id.* (citation omitted); *see also Claudy v. Commonwealth Edison Co.*, 169 Ill.2d 39, 47, 214 Ill. Dec. 188, 191, 660 N.E.2d 895, 898 (1995) (holding that torts to property and contract actions are generally assignable, but personal injury and some contract actions are not).

The relevant question, then, is whether claims under the TCPA are actions for a personal injury. In 2005, the Seventh Circuit tangentially addressed this issue in *Am. States Ins. Co. v. Capital Assocs. of Jackson County, Inc.*, 392 F.3d 939 (7th Cir. 2005), a case in which the court analyzed whether the insured's violation of the TCPA was covered by its commercial and general liability insurance policy's advertising injury or property damage clause. The Seventh Circuit noted that at the time of its decision Illinois cases had not addressed this issue. *Id.* at 943. In the course of

6

this evaluation, the Seventh Circuit concluded that the TCPA protected both personal injury and property rights; it protects a company's "(slight) interest in seclusion" and "keeps telephone lines from being tied up and avoids consumption of the recipients' ink and paper" which is an economic interest. *Id.* at 942. The Illinois Supreme Court cited this holding in *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill.2d 352, 307 Ill. Dec. 653, 860 N.E.2d 307 (2006), another case addressing whether violations of the TCPA were covered by commercial and general liability insurance policies. *See id.* at 365, 307 Ill. Dec. at 661-62, 860 N.E.2d at 315-16.[2]

Although no Illinois court has clearly stated that a privacy tort is a personal injury action, I agree with M and M that this is the case. *See, e.g.*, RESTATEMENT (SECOND) OF TORTS § 652I cmt. a (1977) ("The right protected by the action for invasion of privacy is a personal right . . ."). However, although M and M concludes that because the TCPA is partly intended to protect privacy interests,

---

[2]Under Illinois law, when a federal statute is silent on a particular issue, Illinois courts interpret the statute using federal common law. *See Wilson v. Norfolk & Western Ry. Co.*, 187 Ill.2d 369, 373, 240 Ill. Dec. 691, 694, 718 N.E.2d 172, 175 (1999). Therefore, I believe that Illinois courts analyzing whether the TCPA protects personal or property rights (or both) would look to federal law. Indeed, the Illinois Supreme Court in *Valley Forge* cited federal decisions from various circuits in concluding that the TCPA protects both property and privacy rights. *See id.* at 365-66, 307 Ill. Dec. at 661-62, 860 N.E.2d at 315-16 (analyzing decisions from the Tenth, Fourth, and Seventh Circuits, as well as the Eastern District of Pennsylvania and the Northern District of Texas).

7

the action is therefore not assignable, this does not end the inquiry. The comments to this section of the Restatement also state, "A corporation, partnership or unincorporated association has no personal right of privacy" and therefore has no cause of action for invasion of privacy other than intrusions upon the use of its own name or identity. Id. at § 652I cmt. c. The Seventh Circuit agrees with this assessment, noting in *American States* that businesses lack interests in "seclusion" because corporations are not alive. 392 F.3d at 942 ("Where does a corporation go when it just wants to be left alone?"). This is not disputed by the Illinois Supreme Court in *Valley Forge*, because although there the court did conclude that TCPA violations do "implicate a person's right to privacy," the original plaintiff in that suit was an individual doing business as a private investigation business, so the court did not need to address whether corporations had standing to assert privacy interests under the TCPA. 223 Ill.2d at 355, 365, 307 Ill. Dec. at 656, 661, 860 N.E.2d at 310, 315. Therefore, it only makes sense that corporations bringing claims under the TCPA may only assert the property interests the TCPA was designed to protect.[3] The TCPA claims of these corporations are therefore assignable under Illinois law. Because the only basis upon which M and M asserts that Hinman lacks standing is its argument that

---

[3]I can find no Illinois decisions that provide any different method for assessing claims that seek to assert both privacy and property rights, and the parties have cited none.

8

Eclipse could not assign its claims to Hinman, and because I can see no other reason why Hinman lacks standing to pursue his claims, I find that Hinman has standing to pursue the present case.[4]

IV.

The only remaining issue is Hinman and Italia Foods' motion for leave to file a second amended complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." *See Sound of Music Corp. v. Minnesota Min. and Mfg. Co.*, 477 F.3d 910, 922-23 (2007). M and M objects to the motion for leave to file a second amended complaint on two grounds. First, M and M argues that because Hinman lacks standing, the entire matter should be dismissed and I should require Italia Foods to file a new lawsuit if it wishes to bring a claim. Since I find Hinman has standing as an assignee of Eclipse, however, this argument is moot.

Second, M and M contends that Italia Foods should not be joined as a party because its asserted right to relief does not arise out of "the same transaction, occurrence, or series of transactions or occurrences" as Hinman's, nor will "questions of law or fact common to all [] persons" arise in the action as required by Federal Rule of Civil Procedure 20(a). M and M

---

[4] Because I find that Hinman has standing as an assignee of Eclipse's claim, I need not address his argument that he has standing as the person to whom the facsimile at issue was addressed.

9

contends this is so because Italia Foods and Eclipse received separate facsimile advertisements from M and M, and at least one court has previously determined that each unsolicited transmission of a facsimile is a separate violation of the TCPA and therefore not appropriate for class-wide adjudication. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Pa. 1995).

M and M's argument, however, is really an argument about the appropriateness of class certification, which is not the issue before me. The standard for permissive joinder under Rule 20 is liberal; it requires only that Hinman and Italia Foods have (1) a "right to relief arising from a single occurrence or series of occurrences" and (2) a single common question of law or fact. *Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill. 1993). Although there are few cases within the Seventh Circuit articulating a precise standard, "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001).

In this case, I find that at this stage of the litigation the joinder of Italia Foods is appropriate. The second amended complaint alleges that Italia Foods and Eclipse both received

facsimile advertisements from M and M on October 29, 2004 and June 23, 2005. (Second Amended Compl. ¶¶ 11-13.) The copies of the facsimile advertisements M and M allegedly sent to both on June 23, 2005, attached as exhibits to the second amended complaint, are essentially identical.[5] As I discussed in my memorandum order and opinion denying M and M's motion to dismiss, the version of 47 U.S.C. § 227 that governs this action prohibited the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." *Eclipse*, 2006 WL 1547993, at *4 (citing 47 U.S.C. § 227(b)(1)(c)). To prevail under this statute a plaintiff must show that the defendant (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement. The second amended complaint clearly shows that adding Italia Foods would meet the requirements of Rule 20(a). Both Italia Foods and Eclipse allegedly received the same facsimile from M and M on at least one occasion, satisfying the same occurrence or transaction requirement of Rule 20. In addition, there is at least one common factual issue between the parties: whether that facsimile constituted an advertisement under § 227. Even if the parties have other separate issues of fact involved in their claims, such as whether the

---

[5] The second amended complaint does not include copies of the facsimiles allegedly sent on October 29, 2004.

facsimile was unsolicited, judicial efficiency would be served by considering their TCPA claims together.

V.

For the above reasons, I find that Hinman has standing to pursue his claims as an assignee of Eclipse, and I grant Hinman and Italia Food's motion for leave to file the second amended complaint. Plaintiff still has an outstanding motion for class certification, which was filed before I recognized that Eclipse was not the true party in interest in this litigation, and before Italia Foods became a plaintiff. Given that I have now recognized new parties as the plaintiffs in this litigation, that motion is moot, and I therefore deny it.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

DATED: May 18, 2007