IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ROBERT HINMAN and ITALIA FOODS,** )
**INC.,** individually and as the )
representative of a class of )
similarly-situated persons, )
                                     )
            Plaintiffs,              )
                                     )
    v.                               )    No. 06 C 1156
                                     )
**M and M RENTAL CENTER, INC.,**     )
                                     )
            Defendant.               )

### MEMORANDUM OPINION AND ORDER

Robert Hinman and Italia Foods, Inc.,[1] filed a class action against M and M Rental Center, Inc., alleging that M and M violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §227. Plaintiffs have moved to certify a class defined as

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

Defendant opposes the class on the grounds that the plaintiffs lack Article III standing to bring the class claims and cannot establish any of the requirements set forth in Rules 23(a) and

---

[1] The original class action complaint named Eclipse Manufacturing Co. as plaintiff. By order of May 18, 2007, I granted Eclipse's motion for leave to file a second amended complaint naming the current plaintiffs. *Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F.Supp.2d 739 (N.D.Ill. 2007).

23(b)(3) of the Federal Rules of Civil Procedure. For the reasons discussed below, I grant the motion and certify a class with a slightly revised definition.

I.

M and M offers goods and services related to corporate event planning. On at least five identified occasions during the putative class period, plaintiffs allege M and M hired a company called Xpedite (which later became Premier Global Services) to broadcast one-page fax "flyers" to companies whose fax numbers were on a list of "leads" M and M had purchased several years earlier from a company called Corporate Marketing, Inc., ("CMI"). Plaintiffs each received at least one of these fax "flyers," which they allege violate the TCPA.

II.

Rule 23(a) provides for certification of a class when (1) the class is so numerous as to make joinder of all members impracticable, (2) there are common questions of law or fact, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the class. *Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998). In addition to these prerequisites, a proposed class must also qualify under any one of the three subsections of Rule 23(b). This is a class action for damages under Rule 23(b)(3), which provides that class

certification is appropriate where, in addition to the factors above, (1) common issues of law and fact predominate, and (2) a class action is superior to other forms of adjudication. *Ringswald v. County of DuPage*, 196 F.R.D. 509, 511 (N.D. Ill. 2000). The party seeking certification bears the burden of demonstrating that class certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584 (7th Cir. 1993).

For the purpose of evaluating a certification motion, I assess certification without regard to the merits, *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997); *Hyderi v. Washington Mutual Bank*, FA, 235 F.R.D. 390, 395 (N.D.Ill.2006). Nonetheless, I may probe beyond the pleadings to make whatever factual or legal inquiries are necessary to determine whether class treatment is appropriate. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001).

The TCPA prohibits the use of any telephone facsimile machine, computer or other device to send an "unsolicited advertisement." 47 U.S.C. §227(b)(1)(C). As I previously held in this case, "to prevail under this statute, a plaintiff must show that the defendant (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement." *Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F.Supp.2d 739, 745 (N.D.Ill. 2007).

## A. Standing

I previously found that both plaintiffs have standing as to their individual claims. *Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F.Supp.2d 739, 744-45 (N.D.Ill. 2007). In the class action context, Article III requires that a named plaintiff "establish a nexus between his individual claim and the claim of the putative class," *Moore v. Fidelity Financial Services, Inc.*, No. 94 C 2558, 96 C 4894, 1998 WL 210941, at *3 (N.D. Ill. March 16, 1998)(Gettleman, J.), but it does not require that the class representative's injury be based on exactly the same fact pattern as every class member. *Id.* (certifying class of plaintiffs alleging, *inter alia*, breach of contract, even though individual and class claims arose out of different contracts). Because M and M sent fax transmissions to the class under the same general circumstances, those transmissions-if found to violate the TCPA-would result in the same basic injury to all class members. Therefore, plaintiffs have Article III standing to pursue the class claims.

The authorities M and M cites do not compel a contrary result. As the Seventh Circuit has taught, the Supreme Court held in *General Telephone Co. v. Falcon* 457 U.S. 147 (1982) that "similarity of claims and situations must be demonstrated rather than assumed." *Szabo* at 677. Plaintiffs here have done more than

4

assume similarity of claims and situations; they have offered evidence that M and M followed a similar pattern of conduct and have alleged a common injury arising out of that conduct.

M and M's invocation of *O'Shea v. Littleton,* 414 U.S. 488 (1974) and *Harriston v. Chicago Trib. Co.*, 992 F.2d 697 (7th Cir. 1993) is equally unavailing. Plaintiffs claim more than merely an "abstract injury" as the *O'Shea* court found insufficient, and, unlike the *Harriston* plaintiffs, they are plainly members of the class they seek to represent. Article III is no obstacle to class certification in this case.

### B. Numerosity

"Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 642 (N.D. Ill. 2002) (internal citations omitted). M and M does not appear to dispute plaintiffs' evidence that Xpedite sent thousands of faxes on M and M's behalf. Instead, M and M argues that numerosity fails because plaintiffs cannot demonstrate which entities received M and M's various transmissions. But plaintiffs are not required to allege the exact number or identity of the class members, and I may make common sense assumptions in determining numerosity. *Ringswald*, at 511.

In reality, M and M's opposition is better understood as an objection to the class as indefinite. That argument is equally

5

erroneous. While it is true that courts have read a "definiteness" requirement into the prerequisites for class certification under Rule 23(a), *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977), a class is sufficiently definite if its members can be ascertained by reference to objective criteria and may be defined by reference to defendants' conduct. *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496, 501 (N.D. Ill. 2000)(citations omitted). Here, class members can be identified with reference to the lists generated by CMI, M and M, and/or Xpedite, as well as by reference to M and M's conduct. Both numerosity and definiteness are satisfied.

C. Commonality and Typicality

The commonality and typicality requirements of Rule 23 are interrelated and tend to overlap. *Hyderi*, at 396. Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Typicality is met if the class representative's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

The essence of M and M's argument is that because the TCPA applies only to "unsolicited" faxes, an individualized analysis is required to determine whether each class member consented to

6

transmission of the faxes in question. Indeed, several of the cases defendant cites have found that the consent issue precludes class certification. *See, e.g.*, *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Penn. 1995)(denying certification of TCPA claim based on "inherently individualized" question of consent) and *Kenro, Inc., v. Fax Daily Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997) (same). I am not bound, however, by these authorities, nor do I find their reasoning persuasive. Indeed, I agree with Judge McCann's analysis in *Travel 100 Group v. Empire Cooler Service,* No. 03 CH 14510, 2004 WL 3105679 (Ill. Cir.) and find it applies equally here:

[Forman and Kenro] belie a misunderstanding of telephone facsimile advertising as alleged in the complaint and materials supporting the instant Motion. Those courts seem to resolve the matter based upon a belief that this form of messaging is occasional or sporadic and not an organized program. To the contrary, the facts before this Court yield that this Defendant engaged a third party to send more than 3,000 facsimiles to targeted businesses. The manner in which the Defendant identified these recipients will not require individualized inquiry.

*Travel 100 Group,* at *3. This analysis is consistent with Seventh Circuit precedent, which teaches that commonality and typicality are generally met where, as here, a defendant engages in a standardized course of conduct vis-a-vis the class members, and plaintiffs' alleged injury arises out of that conduct. *Keele*, at 594; *De La Fuente*, at 232. M and M's fax broadcasts were transmitted *en masse* based on the "leads" list compiled several years earlier. Under the circumstances, the question of consent

7

may rightly be understood as a common question. *Kavu, Inc., v. Omnipak Corp.*, No. C06-109RSL, WL 201093, at *3 (W.D. Wash., Jan 23, 2007)(Lasnick, J.)(consent common question where defendant obtained recipients' fax numbers from a particular database). The possibility that some of the individuals on the list may separately have consented to the transmissions at issue is an insufficient basis for denying certification.

Defendants also argue that a class defined to include only individuals who did not consent improperly circumvents the commonality and typicality requirements and reaches too far into the merits of the case. I acknowledge that some courts have found this argument persuasive, *see, e.g. G.M. Sign v. Franklin Bank*, No. 06 C 949, 2007 WL 4365359 (N.D. Ill., Dec. 13, 2007)(Kocoras, J.). It seems to me, however, that by certifying a class of individuals who received unsolicited faxes, I am "merely setting the boundaries of the class," not resolving the substantive issues. *Travel 100 Group*, at *3; *accord Gene & Gene v. Biopay*, No. Civ.A. 05-121-JJB-DL, 2006 WL 3933312 (M.D. La., Dec. 20, 2006)(Brady, J.). I appreciate M and M's concern regarding the burden of proof, however, and I have revised the class definition accordingly.

### D. Adequacy of Representation

The adequacy requirement of Rule 23(a) ensures that the interests of the class will be fairly represented by the named plaintiff. Representation is adequate where the plaintiff (1) has

a sufficient stake in the outcome to ensure zealous advocacy, and has no claims antagonistic to or conflicting with the claims of other class members, and (2) is represented by qualified, experienced counsel. *Vodak v. City of Chicago*, No. 03 C 2463, 2006 WL 1037151, *6 (N.D. Ill., April 17, 2006)(Kendall, J.).

M and M does not seriously dispute that plaintiffs meet these requirements. Instead, it revisits its standing arguments, which I rejected for the reasons discussed above and in my May 18, 2007 Order. *Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F.Supp.2d 739 (N.D.Ill. 2007). On the basis of the record before me, I am confident that plaintiffs will pursue their claims vigorously on behalf of the class, and that they will be adequately represented by their chosen counsel.

E. Predominance and Superiority

As explained above in my discussion of commonality and typicality, plaintiffs' claims arise out of a common course of conduct. The fax broadcasts at issue were sent *en masse* to recipients identified on a singular "leads" list obtained from a singular source. Common questions include whether the faxes were "advertisements" under the TCPA, whether the inclusion of recipients' fax numbers on the "leads" list establishes consent to receive the faxes, and whether defendant's acts were willful or knowing. At present, I have no reason to believe that the resolution of any individual issues will consume more time or

9

resources than the resolution of common issues. Accordingly, predominance is met.

It also appears that resolution of the issues on a classwide basis, rather than in thousands of individual lawsuits (which in fact may never be brought because of their relatively small individual value), would be an efficient use of both judicial and party resources. The superiority requirement of Rule 23(b) is therefore satisfied.

F. Class Definition

Defendants have objected to plaintiffs' proposed class definition on the ground that it improperly shifts the burden of proof on the issue of consent. I see no reason to define the class in terms that implicate the parties' respective burdens.

III.

For the foregoing reasons, I grant plaintiffs' motion and certify the following class:

All persons who, on or after four years prior to the filing of this action, were sent, without permission, telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of defendant.

**ENTER ORDER:**

April 7, 2008

_____
**Elaine E. Bucklo**

United States District Judge


DATED:  April 7, 2008