IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HINMAN and ITALIA FOODS, INC., individually and as the representatives of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiffs, ) ) | Case No.: 1:06-cv-01156 |
| v. ) ) | Honorable Elaine E. Bucklo |
| M and M RENTAL CENTER, INC., ) ) | |
| Defendant. ) | |

## FINAL APPROVAL ORDER AND JUDGMENT OF CLASSWIDE SETTLEMENT

Plaintiffs' agreed motion for final approval of a class action settlement came before the Court for a fairness hearing on October 17, 2014, at 1:30 p.m. in Room 2243 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse.

On June 26, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between Plaintiffs Robert Hinman and Italia Foods, Inc. ("Plaintiffs"), the Settlement Class (defined below), and Maxum Indemnity Company ("Maxum"), as memorialized in their Settlement Agreement filed with the Court.

On October 17, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class were given due notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion,

**IT IS HEREBY ORDERED THAT:**

1.  This Court has jurisdiction over Plaintiffs, the members of the Settlement Class,

and the distribution of funds to satisfy the Judgment entered on October 6, 2009.

2. This Court finds that the Settlement Agreement was entered into in good faith, following arm's-length negotiations, and that it was not collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, all members of the Settlement Class who did not opt out are bound by this Final Judgment and Order.

## Class Certification

4. On June 26, 2014, pursuant to Rule 23, the Court certified the following Class for purposes of settlement:

> All persons who were sent, without permission, telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant during the period February 1, 2004 through June 23, 2005.

Excluded from the Settlement Class are Maxum, any parent, subsidiary, affiliate or controlled person of Maxum, as well as Maxum's officers, directors, agents, servants or employees of and the immediate family members of such persons, the named counsel in this litigation, any member of their law firm, and the members of the federal judiciary. The Court finds that the above settlement class definition satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative parties fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

5. The Court appointed plaintiffs, Robert Hinman and Italia Foods, Inc., as the Class

Representatives and appointed attorneys Brian J. Wanca of Anderson + Wanca and Phillip A. Bock of Bock & Hatch LLC as Class Counsel.

## Class Notice

6. The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent, fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

7. No members of the Class filed objections.

8. No members of the Class have requested exclusion from the Class.

## Class Compensation

9. Maxum has agreed to make a total of $2,005,754.57 available to pay all valid claims, Class Counsel's attorneys' fees and expenses, incentive awards to Plaintiffs, and the costs of notice and administration of this settlement by Class Counsel. That sum has been added to the $100,000.00 previously paid by First Specialty (another of Defendant's insurers) to bring the total to $2,105,754.57 (the "Settlement Fund"). After deducting the approved and agreed attorney's fees and expenses to Class Counsel, and the incentive awards to Plaintiffs for serving as the Class Representatives, the Settlement Fund shall be distributed to pay each Class member who submits a valid and timely claim its *pro rata* share of the remaining moneys in the Settlement Fund, not to exceed $533.90. Any remaining unclaimed portion of the Settlement Fund shall revert to Maxum in accordance with the terms of the Settlement Agreement.

10. Checks issued to the claiming Class members will be void 181 days after issuance.

### Awards of Incentive Award and Attorneys' Fees and Costs

11. As agreed between the parties, it is hereby ordered that plaintiffs, Robert Hinman and Italia Foods, Inc., shall each be paid $15,000.00 from the Settlement Fund for serving as the class representatives in this matter, in accordance with the terms of the Settlement Agreement.

12. As agreed between the parties, it is hereby ordered that Class Counsel shall collectively receive attorneys' fees totaling $701,918.19 (one third of the Settlement Fund) plus their reasonable out of pocket expenses in the amount of $44,359.07, and the Court finds that such fees and expenses are fair and reasonable. Such amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

### Releases

13. All claims or causes of action of any kind by Plaintiffs and all other members of the Settlement Class against Defendant and Maxum with regard to advertisements Defendant sent by facsimile during the period February 1, 2004 through June 23, 2005, are forever barred and released pursuant to the terms of the parties' Settlement Agreement. The class members, including Plaintiffs, do not release the portion of the Judgment against Defendant attributable to periods before or after the Settlement Class period identified in Paragraph 2 of the Settlement Agreement, and class members, including Plaintiffs, reserve the right to pursue Defendant's other insurers on the risk before or after the Settlement Class period identified in Paragraph 2.

### Other Provisions

14. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

15. This Court retains jurisdiction over this actionfor 60 days to determine all matters relating in any way to this Final Judgment and Order or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

Dated: 10/24/2014

*Elaine E. Bucklo*
Honorable Elaine E. Bucklo